755 So.2d 155 (2000)
Glenn PRYOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0561.
District Court of Appeal of Florida, Fourth District.
March 1, 2000.
Rehearing Denied April 19, 2000.
*156 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Darien M. Doe, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Glenn Pryor timely appeals after a jury convicted him of four counts of indecent assault upon a child under sixteen. Of the four points he raises on appeal, we reverse on two.
Pryor was charged with four counts of indecent assault upon the fifteen-year old victim. Each count specified the type of assault that allegedly occurred on the date in question. The evidence at trial supported the charges.
However, Pryor contends that the court erred in failing to instruct the jury on the category two permissive lesser included offense of unnatural and lascivious act. The trial court, nevertheless, instructed the jury on the other permissive lesser included offenses of attempt, assault, and battery. Thus, while the trial court should have given the instruction, see Williams v. State, 627 So.2d 1279 (Fla. 1st DCA 1993), we hold that its failure to do so was harmless. See State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978)(holding only the failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible).
Pryor then argues, and the state concedes, that the trial court erred in assessing a total of 160 points for victim injury instead of 120 points. Based on our review of the record, we agree. See May v. State, 721 So.2d 741 (Fla. 5th DCA 1998). Accordingly, we remand for resentencing.
He also argues that the court should have granted Pryor's motion for judgment of acquittal as to Count I or II. We agree. Neither the information nor evidence at trial showed that the subject incidents occurred at different times or arose from separate acts. As such, convicting him of both counts implicated double jeopardy. See Fjord v. State, 634 So.2d 714, 715 (Fla. 4th DCA 1994); Audano v. State, 641 So.2d 1356, 1361 (Fla. 2d DCA 1994). Accordingly, we remand this case and direct the trial court to adjudicate and sentence Pryor on only one of these two counts.
As to the other issues raised in Pryor's appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED in part and remanded.
DELL and STONE, JJ., concur.