813 So.2d 182 (2002)
Carl JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-938.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*183 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Carl Jenkins, was convicted of sexual battery without physical force, attempted sexual battery and battery. In his appeal from those convictions appellant presents two points, one of which has merit and is discussed below. In the other point appellant argues his counsel was ineffective. We affirm his appeal of that issue without prejudice for appellant to file a motion for ineffective assistance of counsel under Florida Rule of Criminal Procedure 3.850.
Appellant asserts that his convictions for sexual battery and attempted sexual battery violated double jeopardy because the two convictions arose out of a single episode. We agree with appellant's argument and reverse his conviction for attempted sexual battery.
Attempted sexual battery is a lesser included offense of sexual battery. Under section 775.021(4)(b), Florida Statutes (2000), if one offense is a lesser included offense of another then a defendant may not be convicted of both if the offenses were committed in the course of one criminal episode or transaction. In Vasquez v. State, 778 So.2d 1068 (Fla. 5th DCA 2001), the court set forth the test:
The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents.
Id. at 1070.
In the instant case the appellant sexually battered the victim in her living room and then picked her up to carry her to a bedroom to continue the attack. Before entering the bedroom he dropped the victim and discontinued the attack. We find that this was one continuous offense and the attempted sexual battery was not separate from the sexual battery. Double jeopardy prohibits such multiple convictions.
We therefore affirm the conviction and sentence for sexual battery and vacate the conviction and sentence for attempted sexual battery.
POLEN, C.J., and MAY, J., concur.