848 So.2d 442 (2003)
Michael TANNIHILL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-644.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
*443 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Michael Tannihill, was convicted of sexual battery with slight force and lewd or lascivious battery, based on the same act of oral penetration or union. We affirm in part and reverse in part.
Appellant raises five issues on appeal. We affirm on three of those issues and reverse and remand for resentencing on the remaining issues.
Appellant's first issue, that the trial court erred in overruling his objection to the prosecutor's closing argument, is affirmed pursuant to Austin v. State, 700 So.2d 1233 (Fla. 4th DCA 1997). We find that the prosecutor's comment was a fair response to defense counsel's suggestion that the victim's tears during his testimony were not genuine.
Next, we hold that appellant's prison releasee reoffender sentence is not in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), see McDowell v. State, 789 So.2d 956 (Fla.2001), and that his habitual violent felony sentence does not violate Apprendi. *444 See Gordon v. State, 787 So.2d 892 (Fla. 4th DCA 2001). These issues have been thoroughly addressed and resolved by this court in prior opinions; therefore, we will forego extensive discussion here.
We next address the double jeopardy issue raised by appellant. Appellant correctly argues, and the state agrees, that his convictions for both sexual battery with slight force and lewd and lascivious battery based on the same act of oral penetration or union violate his right against double jeopardy. See Fjord v. State, 634 So.2d 714 (Fla. 4th DCA 1994). Contrary to the state's assertions that the issue has been waived, a violation of double jeopardy is a fundamental error which can be raised for the first time on appeal. See Haynes v. State, 828 So.2d 457, 458 (Fla. 4th DCA 2002); see also Rios v. State, 791 So.2d 1208 (Fla. 5th DCA 2001)(convictions for sexual battery and lewd and lascivious act reversed based on double jeopardy even though appellant did not object to the sentencing error and did not raise the issue in a motion to correct sentence).
Finally, appellant also argues that his scoresheet is inaccurate because it includes points for two counts of penetration instead of one. He was charged with and tried for sexual batterythreatened use of a deadly weapon on a child (anal sex)(count I), sexual batterythreatened use of a deadly weapon on a child (oral sex)(count II), lewd or lascivious battery on a child (anal sex)(count III), and lewd or lascivious battery on a child (oral sex)(count IV). The jury acquitted him of all charges involving anal sex and convicted him of only those offenses involving a single act of oral sex.
The state does not deny the scoresheet contains an error, but argues that any error is irrelevant because appellant was not sentenced according to the scoresheet, but rather, was sentenced as a prison releasee reoffender and habitual violent felony offender. See, e.g., Arce v. State, 762 So.2d 1003 (Fla. 4th DCA 2000)(holding that a habitual offender sentence is not subject to the sentencing guidelines; therefore, appellant not entitled to relief pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000)). But for the fact that appellant's conviction for lewd and lascivious act must be reversed and appellant must be resentenced, we would agree with the state that the error is irrelevant. On remand and resentencing, however, the error may be relevant; therefore, appellant's scoresheet should be corrected to reflect only 80 additional points for one count of sexual penetration.
Accordingly, we reverse appellant's conviction for lewd and lascivious act and remand for resentencing. On all other issues, we affirm.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.
KLEIN and GROSS, JJ., concur.