898 So.2d 1130 (2005)
Jeffry SCHWENN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2171.
District Court of Appeal of Florida, Fourth District.
March 30, 2005.
*1131 Carey Haughwout, Public Defender, and Helene Hvizd Morris, Special Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. La France, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant was convicted of eight counts of armed sexual battery, one count of burglary with a battery, one count of false imprisonment, and one count of battery. His main contention on appeal is that the eight sexual battery charges violate double jeopardy because there was no spatial or temporal break between the acts alleged in the counts. We disagree because appellant committed different acts of sexual battery that were distinct from one another and temporally separated. We therefore affirm.
The victim was attacked by appellant Schwenn in her apartment while her friend slept in another room. She first awoke to someone lying on top of her and holding a knife to her throat. The perpetrator then pulled off her shorts and engaged in vaginal penetration for several minutes. Next, Schwenn flipped the victim over so that she was face down with her knees beneath her, and anally penetrated her. After this, he rolled the victim over and vaginally penetrated her again. Schwenn continued the assault by kissing the victim's breasts. At some point during this part of the assault, Schwenn performed cunnilingus on the victim.
At that point, the victim, who was in pain, asked to use the bathroom. Schwenn led her to it, and then they returned to the bed where he again performed anal penetration. Afterwards, he made the victim perform fellatio on him, and then he again vaginally penetrated her. Finally, he made her get on her hands and knees and penetrated her anally again. The attack lasted around three hours.
*1132 Schwenn contends that conviction and sentencing for all eight acts of sexual battery violated double jeopardy because there was no spatial or temporal break between the acts. We disagree. In Saavedra v. State, 576 So.2d 953 (Fla. 1st DCA 1991), the court, noting that the sexual battery statute may be violated in multiple ways, stated:
Sexual battery of a separate character and type requiring different elements of proof warrant multiple punishments. However, the fact that the same victim is sexually battered in the same manner more than once in a criminal episode by the same defendant does not conclusively prohibit multiple punishments. Spatial and temporal aspects are equally as important as distinctions in character and type in determining whether multiple punishments are appropriate.
576 So.2d at 957 (internal citations omitted).
Here, the sequence of sexual batteries on the victim was: (1) vaginal penetration; (2) anal penetration; (3) vaginal penetration; (4) cunnilingus; (5) anal penetration; (6) fellatio; (7) vaginal penetration; and (8) anal penetration. Even though there were three events of vaginal penetration and three of anal penetration, each was separated from a similar event by another type of sexual battery. Thus, they were distinct in character and temporally separated, which gave the defendant sufficient time between each penetration to reflect and form a new criminal intent. Id. at 956; see also Grunzel v. State, 484 So.2d 97 (Fla. 1st DCA 1986) (affirming conviction on two counts of sexual battery when defendant performed cunnilingus on victim for a few seconds and then vaginally penetrated victim).
We distinguish Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001). There, the defendant fondled the victim's breast at practically the same time as he fondled her vagina. Because the events were almost simultaneous, we concluded that the defendant did not have time to reflect and form a new criminal intent between the two acts. Here, in contrast, each event was sequential to the others.
Jenkins v. State, 813 So.2d 182 (Fla. 4th DCA 2002), cited by Schwenn, is also distinguishable. Jenkins sexually battered the victim in her living room. He then picked her up to carry her to the bedroom to continue the attack but dropped her, discontinuing the attack. He was convicted of both sexual battery and attempted sexual battery. We concluded that because attempted sexual battery is a lesser included offense of sexual battery, the defendant could not be convicted of both pursuant to section 775.021(4)(b), Florida Statutes, when the acts occurred during the same criminal episode. In this case, in contrast, eight separate completed acts of sexual battery occurred, none of which were lesser offenses of the others.
We also find no double jeopardy violation in Schwenn's convictions for both burglary with a battery and battery. We find his claim to be without merit because the burglary with a battery involved the sexual battery, while the separate battery charge consisted of other conduct of touching the victim's breasts and kissing her against her will. Therefore, the battery was for conduct separate and apart from the sexual battery. There was no error in convicting Schwenn for both the sexual battery and the burglary with a battery. See Young v. State, 762 So.2d 595 (Fla. 5th DCA 2000); State v. Reardon, 763 So.2d 418 (Fla. 5th DCA 2000).
We summarily affirm Schwenn's remaining points. Schwenn's assertion that the Sexual Predator Act is unconstitutional is also without merit because the supreme court in Milks v. State, 894 So.2d 924 *1133 (Fla.2005), expressly found the Act constitutional.
Affirmed.
POLEN and HAZOURI, JJ., concur.