912 So.2d 63 (2005)
Anthony DARVILLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2726.
District Court of Appeal of Florida, Fourth District.
September 28, 2005.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
*64 FARMER, J.
Defendant was convicted of sexual offenses by a person in familial or custodial authority and of lewd and lascivious molestation. He argues error in adjudicating him guilty of two counts of sexual battery and one count of lewd-lascivious molestation, where they arose during a single episode. We affirm.
At trial, the victim testified that, while she was lying in defendant's bed, he fondled her breasts, penetrated her with his finger, and touched her vagina with his penis. She said that all three acts occurred within minutes of each other, the whole incident lasting approximately five minutes.
In this case, the acts giving rise to the charges all occurred within minutes of each other during a single episode. In Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001), separate charges of lewd and lascivious conduct were based on a single episode in a sugar cane field. During the episode defendant touched the victim's vagina and also touched her breasts. No time sequence was described by the victim, merely that during the encounter he touched her vagina at one point and at another touched her breasts. We found these two separate touchings constituted a single criminal episode and could not be the basis for separate convictions and punishments under the Double Jeopardy Clause. We explained:
"In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences. Here, the record fails to reflect that, during the first trip to the sugar cane fields, the *65 Defendant had time to pause, reflect and form a new criminal intent. Although the victim testified the Defendant touched her breasts and vagina during the first trip, she did not testify as to how much time, if any, elapsed between the inappropriate touchings. Accordingly, to deem the acts separate and distinct in this case, as the State argues, would violate the Defendant's right to be free from double jeopardy. See Pryor v. State, 755 So.2d 155 (Fla. 4th DCA 2000)." [c.o.]
Id. at 1095.
In Pryor, the case cited in the last sentence of the above quotation, we considered multiple convictions from two separate acts of indecent assault, the previous version of what is now labeled lewd and lascivious offenses. The Pryor opinion does not further describe these acts except to say they both occurred on the same day. We did say, however, that "[n]either the information nor evidence at trial showed that the subject incidents occurred at different times or arose from separate acts. As such, convicting him of both counts implicated double jeopardy." 755 So.2d at 156. The Eaddy panel found its case indistinguishable from Pryor for purposes of double jeopardy analysis.
In contrast to Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001), and Pryor v. State, 755 So.2d 155 (Fla. 4th DCA 2000), we have found permissible some multiple convictions for separate acts in cases involving sexual battery. In Schwenn v. State, 898 So.2d 1130, 1132 (Fla. 4th DCA 2005), the separate convictions involved multiple counts of sexual battery, all occurring during a single episode. Schwenn described the offenses and explained:
"(1) vaginal penetration; (2) anal penetration; (3) vaginal penetration; (4) cunnilingus; (5) anal penetration; (6) fellatio; (7) vaginal penetration; and (8) anal penetration. Even though there were three events of vaginal penetration and three of anal penetration, each was separated from a similar event by another type of sexual battery. Thus, they were distinct in character and temporally separated, which gave the defendant sufficient time between each penetration to reflect and form a new criminal intent."
Id. Schwenn distinguished Eaddy by holding that:
"There, the defendant fondled the victim's breast at practically the same time as he fondled her vagina. Because the events were almost simultaneous, we concluded that the defendant did not have time to reflect and form a new criminal intent between the two acts. Here, in contrast, each event was sequential to the others."
Id. at 1132.
In Paul v. State, 2005 WL 714037, 912 So.2d 8 (Fla. 4th DCA Mar. 30, 2005), we upheld separate convictions for multiple violations under the lewd and lascivious crimes statute where there was a separation from acts in a living room and acts in bedroom separated only by minutes. Unlike our contemporaneous decision in Paul, the conduct in Schwenn did not involve a voluntarily participating victim. It involved forced sexual acts in the classic sense. Paul allowed multiple lewd and lascivious violations from a single episode. In contrast, this case involves parental sexual abuse.
The rule for valid multiple convictions arising from a single criminal episode is "whether the Legislature `intended to authorize separate punishments for the two crimes'." Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, *66 682 So.2d 79, 81 (Fla.1996)). In section 775.021(4), the legislature has made plain its intent to require as many separate punishments as there are separate crimes committed under a Blockburger analysis. One of defendant's sexual battery convictions here involved penetration with his finger, the other involved vaginal union with his penis, and the third conviction for lewd and lascivious molestation involved fondling her breasts. Under Blockburger all were separate criminal acts. The separate acts of sexual battery are valid under Schwenn. The additional conviction for lewd and lascivious molestation is not inconsistent with either Blockburger or Paul.
Affirmed.
TAYLOR, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would reverse on the authority of Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001). In my judgment, both Paul v. State, 912 So.2d 8, 2005 WL 714037 (Fla. 4th DCA Mar. 30, 2005), and Schwenn v. State, 898 So.2d 1130 (Fla. 4th DCA 2005), are distinguishable. Here, there was no temporal or spacial break between the acts. According to the victim, Appellant got into her bed, touched her breasts, touched her vagina, got on top of her and penetrated her, each immediately following the other.