925 So.2d 393 (2006)
Fidel LEYVA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1859.
District Court of Appeal of Florida, Fourth District.
March 29, 2006.
*394 Carey Haughwout, Public Defender, and David Casals, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Fidel Leyva, appeals a final order of conviction and sentencing. Leyva was charged with one count of attempted sexual battery on a child under twelve by a perpetrator over 18 years of age, and one count of lewd and lascivious conduct. The incident leading to the two charges took place at Leyva's girlfriend's home, where Leyva also resided, and the victim was her eleven year old daughter. The victim was returning to her room after taking a shower, wrapped only in a towel. As she was going down the hall, Leyva tried to scare her by saying "Boo," and wouldn't let her pass. Leyva took her arm and pulled her to the bedroom he shared with the victim's mother. Leyva put her on the bed so that she was lying on her back, with her leg hanging off of the bed. Leyva rubbed his hand up and down her leg, but did not touch her private parts. The victim screamed for her younger brother, and Leyva placed his other hand over her mouth to keep her quiet. At this point, Leyva was standing over the victim with one leg between her legs. The victim's younger brother came into the room, Leyva moved to the side, and the victim ran from the room.
After a jury trial, Leyva was found guilty on both counts and sentenced to twenty years for count one, and fifteen years for count two, sentences to run concurrently. Leyva puts forth four issues in this appeal, but we find merit in only one. Leyva argues that the charges of attempted sexual battery and lewd and lascivious conduct are mutually exclusive, that the two convictions violate his double jeopardy rights, and asks that one of his convictions be reversed. On the basis of the double jeopardy issue, we reverse in part and affirm in part.
Leyva relies on Welsh v. State in support of his argument that the charges are mutually exclusive. 850 So.2d 467 (Fla.2003). Welsh involved an earlier version of § 800.04, Fla. Stat., the controlling statute defining lewd and lascivious acts. The previous version specifically excluded sexual battery as a means of perpetrating a lewd and lascivious act. Id. at 470. The Florida Supreme Court found that "[t]hus, the ... provisions make clear that the offenses of sexual battery and lewd and lascivious act are mutually exclusive." Id. However, section 800.04, Florida Statutes, was substantially amended in 1999, and does not contain any language pertaining to sexual battery. Although the Florida Supreme Court declined to rule on the effect of the amended statute, it stated: "`[I]t is evident that the phrase `without committing the crime of sexual battery' was included to differentiate between crimes of sexual battery and lewd and lascivious conduct. Had the phrase been excluded, a person having forcible sexual intercourse with a child under sixteen would be guilty of both crimes.'" Id. at 470 (quoting State v. Hightower, 509 So.2d 1078, 1079 (Fla.1987)). After a close reading of the statute, we find that the two charges are not mutually exclusive. See also Darville v. State, 912 So.2d 63 (Fla. 4th DCA 2005) (upholding defendant's convictions for sexual battery and lewd and lascivious molestation).
However, we find merit in Leyva's contention that the convictions for both crimes, under the facts of this case, *395 violate his double jeopardy rights. "The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). If there is no clear legislative statement regarding separate punishments, courts determine whether each offense has an element that the other does not. Gordon, 780 So.2d at 19-20. The elements for sexual battery and lewd and lascivious conduct are not the same, and so they can be considered separate offenses, leaving the question of whether the offenses constituted separate and discrete acts. See Gisi v. State, 909 So.2d 531 (Fla. 2d DCA 2005)(multiple convictions for lewd and lascivious acts when incidents not discrete constituted double jeopardy violation); Johnson v. State, 913 So.2d 1291 (Fla. 2d DCA 2005)(conviction for sexual battery and lewd and lascivious molestation that arose out of single act constituted double jeopardy violation); Tannihill v. State, 848 So.2d 442 (Fla. 4th DCA 2003)(convictions for sexual battery and lewd and lascivious battery, based on same act, constituted double jeopardy violation).
We have previously upheld convictions for sexual battery and lewd and lascivious acts after determining they constitute separate and distinct acts. In Darville, the defendant appealed his three convictions for two counts of sexual battery and one count of lewd and lascivious molestation. 912 So.2d 63, 64 (Fla. 4th DCA 2005). The defendant had fondled the victim's breasts, penetrated her with his finger, and fondled her vagina. Id. In upholding the convictions, this court quoted a previous decision, explaining: "In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences." Id. (quoting Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001)).
In this case, we find that the violations took place at the same time, and constitute a single act, rather than multiple acts within a single episode. See Eaddy, 789 So.2d at 1095 ("Although the victim testified the Defendant touched her breasts and vagina during the first trip, she did not testify as to how much time, if any, elapsed between the inappropriate touchings . . . to deem the acts separate and distinct in this case. . . would violate the Defendant's right to be free from double jeopardy"). The incident in this case took place over the span of approximately five minutes, and there was no indication that Leyva "had time to pause, reflect, and form a new criminal intent between the occurrences." Eaddy, 789 So.2d at 1095. The sole acts that Leyva could be found guilty for were his behavior in pushing the victim down on the bed and in rubbing her leg. We find that this constituted one incident. Therefore, we reverse Leyva's conviction for lewd and lascivious conduct. We affirm Leyva's conviction for attempted sexual battery.
SHAHOOD and TAYLOR, JJ., concur.