925 So.2d 475 (2006)
R.L. SAMUEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2709.
District Court of Appeal of Florida, Fourth District.
April 19, 2006.
*476 Carey Haughwout, Public Defender, and Jeffrey N. Golant, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence on two counts of lewd and lascivious battery on a minor. He argues, among other things, that the two convictions violate his right against double jeopardy. We disagree and affirm.
This is yet another sexual scenario in which this court is called upon to determine whether sexual acts occur so close in time and space that they should constitute a single crime or whether there is a sufficient temporal break allowing for the defendant to form a separate intent to justify a conviction for multiple crimes. As this court stated in Schwenn v. State, 898 So.2d 1130, 1132 (Fla. 4th DCA 2005), when the acts are "distinct in character and temporally separated" giving "the defendant sufficient time between each . . . to reflect and form a new criminal intent," there is no double jeopardy violation.
In this case, the State charged the defendant with performing oral sex on a male child. In a separate count, the State charged the defendant with having the male child perform oral sex on the defendant. The testimony reflected two sexual acts "distinct in character" and "temporally separated" such that the defendant had sufficient time to reflect and form a new criminal intent. There was therefore no double jeopardy violation.
Affirmed.
STONE and GROSS, JJ., concur.