MAY, J.
The defendant appeals his conviction and sentence for lewd and lascivious battery and simple battery. He argues that his double jeopardy right was violated when the court adjudicated and sentenced him for both lewd and lascivious battery and simple battery for the same conduct. We agree and reverse.
The evidence revealed that the victim visited the defendant’s house on the date of the incident so that the defendant’s sister could style her hair. When the sister left the house to run an errand, the defendant entered the bedroom where the victim was sitting, sat down next to her, and began feeling her breasts. He then unzipped her dress, pushed her back onto the bed, and began having sex. The victim told him to stop, but he didn’t. Within a few minutes, the defendant’s sister returned to the house, causing the defendant to stop and leave the bedroom.
The State charged the defendant with one count of sexual battery on a person 12 years of age or older and one count of lewd or lascivious battery. The jury found the defendant guilty of battery, a lesser included offense of sexual battery, and lewd or lascivious battery as charged. The court adjudicated the defendant guilty on both counts and concurrently sentenced him to one year of county jail with 364 days credit for the battery charge and eighty-six (86) months imprisonment with 478 days credit to be followed by two years of sex offender probation for the lewd and lascivious battery count.
The defendant argues that because the two statutes under which he was charged define the same unlawful conduct, and he was tried for a single offending act, the court violated his right against double jeopardy by sentencing him for both. The State responds that each offense contains separate elements of proof and different *650 facts support those elements. The State also argues the defendant had sufficient opportunity to form a new criminal intent for each offense, defeating the defendant’s double jeopardy claim.
“The legality of a sentence is a question of law and is subject to de novo review.” Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005).
Our federal and state constitutions prevent the government from subjecting a person to being criminally tried twice for the same conduct. Amends. V, XIV, U.S. Const.; Art. I, § 9, Fla. Const. This is a fundamental right that may be raised for the first time on appeal. Tannihill v. State, 848 So.2d 442, 444 (Fla. 4th DCA 2003). Florida has codified this right in section 775.021, Florida Statutes (2003).
In this case, the State charged the defendant with sexual battery on a person 12 years of age or older and lewd and lascivious battery on a person 12 years of age or older but less than 16. “ ‘Sexual battery’ means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object ....” § 794.011(l)(h), Fla. Stat. (2003). When a sexual battery is committed on “a person 12 years of age or older, without that person’s consent,” and without the use of “physical force and violence likely to cause personal injury,” section 794.011(5), Florida Statutes (2003), is violated. The lewd and lascivious battery statute defines sexual activity similarly to sexual battery. It then refines the crime when the defendant “engages in sexual activity with a person 12 years of age or older but less than 16 years of age .... ” § 800.04(l)(a), (4), Fla. Stat. (2003).
If the jury had found the defendant guilty of both sexual battery and lewd or lascivious battery, Tannihill would require a reversal because the sentences would violate double jeopardy. The fact that the jury actually acquitted the defendant of sexual battery, and found him guilty of the lesser-included offense of battery does not alter the outcome.
The State charged, the jury found, and the facts support a single act of sexual battery/sexual activity. For this reason, we reverse and remand the case to the trial court to vacate the defendant’s battery conviction and to re-sentence the defendant accordingly.

Reversed and Remanded.

STEVENSON, C.J., and SHAHOOD, JJ., concur.