SHAHOOD, J.
This is an appeal by Junior Danestan, appellant, from a conviction and sentence on the charges of attempted sexual battery on a person twelve years of age or older (Count 3), lewd or lascivious conduct (Count 4), and false imprisonment (Count 5). Appellant raises five issues on appeal, but we find merit in only one.
As his first issue, appellant argues that his double jeopardy right was violated when the court adjudicated and sentenced him for both attempted sexual battery on a person twelve years of age or older and lewd or lascivious conduct. We agree and reverse and remand with directions for the trial court to enter a judgment of acquittal on Count 4, lewd or lascivious conduct.
The evidence in this case revealed that the victim went to a friend’s house to get *1134 her hair braided. When the friend left the house to run an errand with appellant, a codefendant and brother of the friend sexually assaulted the victim. Upon the friend and appellant’s return to the house, they noticed something was wrong with the victim. Appellant asked the victim what was wrong and told her to come back to the bedroom to talk to him about what happened. The victim agreed and they went to the bedroom and the victim started to tell appellant what happened. Appellant moved to close the door but stopped to talk to someone on the other side of the door. The victim wanted to leave and told appellant that she needed to go and tell her friend something, but appellant would not let her out of the door. Appellant started to walk back toward the bed and appellant closed the door and turned up the music really loud. Appellant pushed the victim onto the bed, got on top of her and started kissing her. Appellant asked if he could just do this one thing, but she told him no. Appellant unbuckled his pants and took them off while he held her down. The victim screamed twice and appellant ejaculated on her dress and leg. Appellant took a sheet and wiped the victim off. The victim then left the bedroom.
Following a jury trial, appellant was found guilty of attempted sexual battery on a person twelve years of age or older, lewd or lascivious conduct, and false imprisonment.
Our federal and state constitutions prevent the government from subjecting a person to being criminally tried twice for the same conduct. Amends. V, XIV, U.S. Const.; Art. I, § 9, Fla. Const. This is a fundamental right that may be raised for the first time on appeal. Tannihill v. State, 848 So.2d 442, 444 (Fla. 4th DCA 2003). Florida has codified this right in section 775.021, Florida Statutes (2003).
“The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’ ” Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). If there is no clear legislative statement regarding separate punishments, courts determine whether each offense has an element that the other does not. Gordon, 780 So.2d at 19-20.
Here there is no legislative statement separating punishments for sexual battery and lewd or lascivious conduct. However, the elements for sexual battery and lewd or lascivious conduct are not the same, and so they can be considered separate offenses, leaving the question of whether the offenses constituted separate and discrete acts. See Gisi v. State, 909 So.2d 531 (Fla. 2d DCA 2005) (multiple convictions for lewd or lascivious acts when incidents not discrete constituted double jeopardy violation); Johnson v. State, 913 So.2d 1291 (Fla. 2d DCA 2005) (conviction for sexual battery and lewd or lascivious molestation that arose out of single act constituted double jeopardy violation); Tannihill, 848 So.2d at 444 (convictions for sexual battery and lewd or lascivious battery, based on same act, constituted double jeopardy violation).
“In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences.” Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001).
In this case, we find that the violations took place at the same time, and *1135 constitute a single act, rather than multiple acts within a single episode. There was no indication in this case that appellant “had time to pause, reflect, and form a new criminal intent between the occurrences.” Eaddy, 789 So.2d at 1095. The sole act that appellant could have been found guilty of under the charges occurred where appellant got on top of the victim, kissed her, unbuckled and took off his pants, and ejaculated on her. We hold that this constituted one incident. See Leyva v. State, 925 So.2d 393, 395 (Fla. 4th DCA 2006) (the acts of pushing the victim down on the bed and rubbing her leg constituted one incident).
The State charged, the jury found, and the facts support a single act of attempted sexual battery or lewd or lascivious conduct. For this reason, we reverse and remand the case to the trial court to vacate appellant’s conviction on Count 4 and to resentence appellant accordingly.

Reversed and Remanded for Resentenc-ing.

FARMER and TAYLOR, JJ., concur.