971 So.2d 295 (2008)
Quayle RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3882.
District Court of Appeal of Florida, Fourth District.
January 16, 2008.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
*296 CHUMBLEY, DOUGLAS J., Associate Judge.
This matter is on appeal, from a conviction of guilt on two counts of lewd and lascivious battery upon J.J., a fifteen-year-old victim. The information filed in the case contained four counts of lewd and lascivious battery upon a minor. The first three counts contained allegations that occurred on the same day, December 16, 2005. The fourth count contained allegations of a lewd and lascivious battery that occurred sometime between September 1, 2005 and December 15, 2005. At trial, the State abandoned Count II, and proceeded to trial on Counts I, III, and IV. On August 22, 2006, the jury returned a guilty verdict on Counts I and III, and returned a not guilty verdict on Count IV. On September 25, 2006, the trial court sentenced Richardson to concurrent thirteen year prison terms.
On appeal, Richardson argues that the trial court erred in denying his pre-trial motion to suppress physical evidence and his post-Miranda sworn statement. In addition, he argues that his conviction on both Counts I and III cannot stand because of double jeopardy reasons. Because we find that the trial court erred in denying Richardson's motion to suppress, we reverse his convictions and sentences and remand for a new trial.
The facts relevant to the motion to suppress are as follows. On September 16, 2005, Officer Biscotti of the Coral Springs Police Department noticed a car in an empty parking lot next to a tennis complex. At the motion to suppress hearing, Officer Biscotti testified that he had made numerous drug arrests at this location. While he ran the tags on the vehicle, Officer Biscotti observed the car swaying back and forth, but could not see inside because the car had tinted windows. Officer Biscotti also testified that the swaying of the vehicle made it appear that there was a "struggle", "fighting" or "just a lot of movement inside the car". The officer could not see any struggle taking place and described the movement of the vehicle as not "extremely violent". Officer Biscotti observed the vehicle for a few moments but did not approach the car at that time because "he wanted to run the tag first".
After the vehicle left the parking lot, Officer Biscotti followed, and stopped the vehicle. Although Officer Biscotti testified that he believed he could have stopped the vehicle for illegally tinted windows, he also testified that he did not have a tint meter with him in his unit. At the hearing on the motion to suppress, Officer Biscotti testified that he pulled the vehicle over because he was "suspicious that something was occurring in the car[,] [s]omeone could have been at risk". He further stated that he believed a "crime might be occurring in the vehicle due to movement inside the car". At no time did the officer say he stopped the vehicle because he suspected the windows were illegally tinted or that he believed the windows were excessively tinted in violation of the statute.
Once the vehicle was stopped, Officer Biscotti approached the vehicle and looked inside. He saw a young girl in the back seat with muddled hair, her shoes off, and her belt undone. The officer ordered Richardson out of the car, handcuffed him, and called for back-up. A used condom was found outside the vehicle, and the condom wrapper along with KY jelly was found inside the vehicle. Later, after being read his Miranda warnings, Richardson gave a sworn statement implicating him in the alleged lewd and lascivious acts charged in the information.
The trial court denied the motion to suppress because it found that Officer Biscotti had reasonable suspicion to conduct the traffic stop because the officer's observations created a reasonable belief *297 that someone in the car may have been harmed. On appeal, Richardson argues that the officer lacked reasonable suspicion to suspect that criminal activity had been committed or was about to be committed, and thus, the stop of his vehicle was improper. As such, Richardson argues that the court erred in denying his motion to suppress the used condom, the condom wrapper, the KY jelly and his post-Miranda sworn statement. In response, the State argues that the facts and circumstances surrounding the vehicle created a reasonable suspicion of criminal activity and thus, the stop of the vehicle was constitutionally permissible. According to the State, these facts and circumstances included the vehicle's tinted windows, which the State argues provided enough reasonable suspicion to justify the stop of the vehicle. We agree with Richardson that Officer Biscotti did not have a reasonable suspicion that criminal activity was taking place or was about to take place, and that the stop of the vehicle was illegal. As such, the trial court erred in denying the motion to suppress the physical evidence and Richardson's sworn statement.
A police officer may stop an individual temporarily if the officer has a reasonable suspicion that a person has committed, is committing or is about to commit a crime. See Popple v. State, 626 So.2d 185 (Fla.1993). When determining whether or not an officer has such a reasonable suspicion, the trial court must examine the totality of the circumstances under which the stop was made. See United States v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). In looking at the totality of the circumstances, the trial court may consider the following:
The time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner of any operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge.
State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978).
In the instant case, although the stop of the vehicle occurred after the car left the parking lot, any reasonable suspicion must be based upon the officer's observations of the vehicle while it was parked in the empty parking lot since there was no testimony of any suspicious activity after the vehicle left the lot. Officer Biscotti testified that he based his belief that criminal activity had occurred or was about to occur upon the location of the vehicle in a deserted parking lot and the unusual movements he saw. Although he could not see in the vehicle, he described the unusual movements as swaying that was not "extremely violent".
Although this activity is certainly unusual, the location of the vehicle and the non-violent swaying alone do not justify the stop. The activity described by Officer Biscotti is no more suspicious than the activity in other similar cases where courts have found activity surrounding parked vehicles did not rise to the level of reasonable suspicion. See, e.g., Popple v. State, 626 So.2d 185 (Fla.1993) (no reasonable suspicion to conduct a stop where car was legally parked in a deserted area despite the fact that defendant made a clandestine movement as soon as he saw officer); Parsons v. State, 825 So.2d 406 (Fla. 2d DCA 2002) (holding no reasonable suspicion where defendant, a previous sex offender, was parked in an apartment complex in the early morning hours with a pair of binoculars sitting on his lap because the officer could not articulate what crime he suspected was being committed); Miranda v. State, 816 So.2d 132 (Fla. 4th DCA 2002) (holding that the officer did not testify to enough facts to give her a reasonable suspicion of criminal activity where the defendant *298 was parked in an apartment complex in the early morning hours in a high crime area and made "furtive" movements). The trial court erred in denying the motion to suppress the evidence seized as a result of the illegal stop of Richardson's vehicle. On remand, the condom wrapper, the KY jelly, and Richardson's sworn statement shall not be admitted into evidence during any new trial.[1]
The used condom, however, may be admissible upon retrial. The evidence is undisputed that the used condom was found outside the vehicle, but it is unclear whether the condom was found in the lot where the vehicle was parked or outside the vehicle at the location where the vehicle was ultimately stopped. Upon remand, the trial court should make this factual determination in deciding whether the used condom found outside the vehicle should be suppressed.
Because the trial erred in denying Richardson's motion to suppress, we reverse the convictions of guilt and the consecutive thirteen year sentences, and remand this case for a new trial.[2]
Reversed and Remanded.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] The tint on the windows also does not support the stop of Richardson's vehicle. The officer stated that he believed he could have stopped the vehicle based upon only the window tint. The mere presence of tinted windows is not sufficient to justify the stop where there was no evidence that the officer reasonably believed that the windows were excessively tinted or violated the statute regarding window tints. See United States v. Collins, 863 F.Supp. 165 (S.D.N.Y.1994); Hilton v. State, 961 So.2d 284 (Fla.2007). The fact that the officer testified that he stopped the vehicle for reasons unrelated to the window tint further supports the conclusion that the officer did not have a reasonable belief that the windows were excessively tinted or violated Section 316.2956, Florida Statutes (2006).
[2] Since this matter will be retried, we will briefly address Richardson's double jeopardy argument. We find no merit to Richardson's argument that his convictions on Counts I and III violated double jeopardy. See Samuel v. State, 925 So.2d 475 (Fla. 4th DCA 2006); Darville v. State, 912 So.2d 63 (Fla. 4th DCA 2005); Schwenn v. State, 898 So.2d 1130 (Fla. 4th DCA 2005).