Opinion on Remand from the Florida Supreme Court

FARMER, J.
In returning this case to us, the Supreme Court instructed us to reconsider our decision in light of the Court’s subsequent decision in State v. Paul, 934 So.2d 1167 (Fla.2006). We now turn to that task.
In our original decision, relying on our prior decisions in Paul v. State, 912 So.2d 8 (Fla. 4th DCA 2005); Schwenn v. State, 898 So.2d 1130 (Fla. 4th DCA 2005); Baddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001); and Pryor v. State, 755 So.2d 155 (Fla. 4th DCA 2000), we affirmed three separate convictions arising from a single criminal episode. We relied on Blockburger[1] principles to conclude that the crimes could be separately punished. The Supreme Court then granted review of Paul and reversed our decision in that case. 934 So.2d 1167.
In Paul, the Supreme Court confronted separate punishments for multiple criminal acts falling under the lewd and lascivious conduct statute.[2] The acts all occurred during a single encounter but involved distinct episodes. The court held that some of the acts could be separately punished, but some could not.
In this case, the multiple punishments include one conviction for lewd and lascivious molestation and two convictions for sexual battery.[3] All criminal acts occurred during a single encounter in the same space between the same persons, lasting no more than five minutes. Applying the Supreme Court’s analysis in Paul, *1027 we now conclude that the separate convictions for sexual battery were improper. Both acts of sexual battery charged by the State in this case involve exactly the same elements without temporal or spatial separation. Because both involve exactly the same elements, dual convictions and punishments are not permitted. See Paul, 934 So.2d at 1174 (holding that if one cannot say that each offense has an element that the other does not, dual convictions and punishments are not permitted).
Because the lewd and lascivious molestation conviction involved conduct occurring during the same criminal episode as the sexual battery, we must also reconsider whether it may properly result in separate punishment. We have no difficulty in ascertaining that the lewd and lascivious molestation offense contains an element not found in the sexual battery conviction, and vice versa. See Binns v. State, 979 So.2d 439, 442 (Fla. 4th DCA 2008) (holding that crimes of lewd and lascivious acts and sexual battery each contain an element that the other does not). That means we must next determine whether separate punishments are forbidden by Florida law.[4]
This turns on whether the separate offenses of sexual battery and lewd and lascivious molestation are intended to punish “the same primary evil.” See Paul, 934 So.2d at 1175 (where crimes are not intended to punish same primary evil but address different evils, and two crimes are not merely degree variants of the same core offense, separate punishments are authorized by § 775.021(4)(b)). Sexual battery is the “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.” § 794.011(l)(h), Fla. Stat. (2007). Lewd and lascivious molestation is the intentional touching of “the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forcing] or entic[ing] a person under 16 years of age to so touch the perpetrator.” § 800.04(5)(a), Fla. Stat. (2007).
In this case, the sexual battery offense and the lewd and lascivious molestation offense each contain an element the other lacks. Therefore separate punishments for sexual battery and lewd and lascivious molestation during the same episode are not prohibited.
We reverse the imposition of separate sentences for sexual battery and remand for the trial court to eliminate the separate punishment for one of the two sexual battery counts.

Reversed.

STONE and TAYLOR, JJ„ concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. § 800.04, Fla. Stat. (2007). The separate offenses were: (1) intentionally touched the victim’s genital area or the clothing covering it, contrary to section 800.04(5), Florida Statutes (1999); (2) intentionally touched the victim in a lewd or lascivious manner by kissing the victim’s neck, contrary to section 800.04(6), Florida Statutes (1999); (3) intentionally touched the victim in a lewd or lascivious manner by rubbing his penis on the victim's stomach area, contrary to section 800.04(6), Florida Statutes (1999); and (4) intentionally exposed his genitals in a lewd or lascivious manner in the presence of the victim, contrary to section 800.04(7), Florida Statutes (1999).

.§ 794.011(8), Fla. Stat. (2007).

. See 775.02l(4)(b)(2), Fla. Stat. (2007) (exceptions to separate punishments are: 1. offenses requiring identical elements of proof; 2. offenses that are degrees of the same offense as provided by statute; 3. lesser offenses whose elements are subsumed by the greater offense).