STEVENSON, J.
A jury found Norman Pickel guilty of two counts of sexual battery on a child less than twelve years of age, kidnapping of a child under thirteen years of age, burglary with a battery, and lewd or lascivious molestation. On appeal, the defendant challenges his convictions for these crimes, arguing error in evidentiary rulings and insisting convictions for both sexual battery and lewd or lascivious molestation violate double jeopardy.[1] We affirm the challenged evidentiary rulings without further comment. As for the double jeopardy argument, as acknowledged by the defendant, this court has resolved this issue adversely to him. See Darville v. State, 995 So.2d 1025 (Fla. 4th DCA 2008) (holding dual convictions for sexual battery and lewd or lascivious molestation do not violate double jeopardy as each offense contains an element the other lacks). We certify conflict with Drawdy v. State, 98 So.3d 165 (Fla. 2d DCA 2012), review granted, 116 So.3d 1263 (Fla.2013), regarding application of the Blockburgeff same elements test to the offenses of sexual battery and lewd or lascivious molestation.

Affirmed; conflict certified.

CIKLIN and LEVINE, JJ., concur.

. The incidents of sexual battery (count I— penetration of vagina with penis; count II— penetration of vagina with mouth and/or tongue) and lewd or lascivious molestation (count V■ — touching breasts in lewd or lascivious manner) occurred during the same episode. The young victim alleged that the defendant abducted her from her bedroom, took her to a nearby vacant home, pulled her pants off, placed his mouth on her breasts and vagina, and forced her to have sex with him. 2. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).