913 So.2d 1291 (2005)
David Patrick JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3586.
District Court of Appeal of Florida, Second District.
November 18, 2005.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
David Patrick Johnson was convicted of burglary of a dwelling, sexual battery on a victim under twelve, and lewd and lascivious molestation. He challenges only his conviction and sentence for lewd and lascivious molestation, claiming that it was entered in violation of his right to be free from double jeopardy. Not only do we agree that the lewd and lascivious conviction violates double jeopardy, we also conclude that the conviction lacks factual record support. Accordingly, we reverse Johnson's conviction for lewd and lascivious molestation.
Johnson entered a best interest guilty plea to burglary of a dwelling with assault or battery, sexual battery on a child under twelve while being under eighteen, and lewd and lascivious molestation. The State provided a factual basis for the offenses, which revealed that Johnson committed sexual battery by putting his penis inside the vagina of the nine-year-old female victim. The trial court adjudicated Johnson guilty of all three offenses. He was sentenced to life on the sexual battery charge and to a consecutive life sentence for the offense of burglary of a dwelling. The court imposed a concurrent sentence of fifteen years on the lewd and lascivious molestation conviction.
Johnson argues correctly that the lewd and lascivious conviction was entered in violation of double jeopardy principles because the offense of sexual battery and the offense of lewd and lascivious molestation were both perpetrated on the same victim, at the same time and place, during the same criminal episode.[1] The State declines *1292 to address the double jeopardy issue but concedes that the lewd and lascivious conviction should be reversed or vacated due to the absence of a factual basis to support a conviction other than sexual battery. While we agree with the State that the factual basis does not support any offense other than sexual battery, we also believe that the lewd and lascivious conviction must be vacated because it violates double jeopardy. See Tannihill v. State, 848 So.2d 442, 444 (Fla. 4th DCA 2003); Rios v. State, 791 So.2d 1208, 1210 (Fla. 5th DCA 2001); Banks v. State, 728 So.2d 768 (Fla. 1st DCA 1999). We accordingly reverse the lewd and lascivious conviction.
Reversed.
FULMER, C.J., and WALLACE, J., Concur.
NOTES
[1] Although Johnson is raising this double jeopardy claim for the first time on appeal, this court has jurisdiction pursuant to Novaton v. State, 634 So.2d 607, 609 (Fla.1994). Johnson entered an open plea. The error is apparent on the face of the record since the factual basis does not set forth any additional facts to support the lewd and lascivious conviction, and nothing in the record indicates that Johnson waived his right to raise a double jeopardy claim.