992 So.2d 844 (2008)
James Russell BEAHR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-3448.
District Court of Appeal of Florida, First District.
September 29, 2008.
*845 Nancy A. Daniels, Public Defender, and G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
In this criminal appeal, appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Following receipt of a pro se brief from James Beahr, Appellant, and our independent review of the record, we ordered supplemental briefing on the issue of whether Appellant's separate convictions for sexual battery upon a person less than twelve years of age and lewd or lascivious molestation violated the Double Jeopardy Clauses of the state and federal constitutions. Having received the supplemental briefs, we hold that Appellant's right to be free from double jeopardy was violated, as the convictions arose from acts that were perpetrated against the same victim in the same criminal episode. We affirm Appellant's conviction and sentence for sexual battery, and the conviction for sexual battery will be discussed only as it relates to whether the conviction for lewd or lascivious molestation may be upheld. We reverse the conviction for lewd or lascivious molestation and remand the case to the trial court with directions to vacate that conviction and the sentence imposed for it.[1]
Appellant was charged with one count of sexual battery on a person less than twelve years of age, contrary to section 794.011(2)(a), Florida Statutes (2004), and one count of lewd or lascivious molestation, contrary to section 800.04(5)(b), Florida Statutes (2004). At trial, the evidence supporting the sexual battery charge was that Appellant placed his penis in a ten-year-old child's mouth. To support the lewd or lascivious molestation charge, the State produced evidence that, on the same night, Appellant touched the child's genitals. The jury found Appellant guilty as charged on both counts. The trial court entered judgment against Appellant for both crimes and sentenced him accordingly. We now consider whether Appellant was afforded the protection of the Double Jeopardy Clause.
The Fifth Amendment double jeopardy prohibition protects criminal defendants from receiving multiple punishments for the same offense. State v. Paul, 934 So.2d 1167, 1171 (Fla.2006). The first step of double jeopardy analysis is to examine the relevant statutes and determine whether there is a "clear statement of legislative intent" to have the crimes punished separately in all cases. See id. If there is such an explicit statement of legislative intent, then there is no double jeopardy violation, and no further analysis is necessary. Id.
In the absence of such a "clear statement of legislative intent," courts move to the second step of double jeopardy analysis, which is to determine whether the two crimes occurred in the same criminal episode. See id. at 1172-73. Two crimes cannot be considered the same offense for the purpose of double jeopardy *846 analysis unless they occurred during a single criminal episode. See id. The test for determining whether two crimes occurred in the same criminal episode is whether there was a temporal break between the crimes, such that the defendant had an opportunity to pause, reflect, and form a new criminal intent. Id.; Mijarez v. State, 889 So.2d 827, 828 (Fla. 4th DCA 2004). If there was such a break, then the crimes occurred in separate criminal episodes and may be punished separately. Paul, 934 So.2d at 1173.
On the other hand, if the court determines that the two crimes occurred in a single criminal episode, it must proceed to the last step of double jeopardy analysis and determine whether, as a matter of law, the crimes are nonetheless considered separate offenses, separately punishable. See id. at 1171-72. The Blockburger[2] test, also known as the "same elements test," governs this stage of the analysis. See id. The Blockburger test, which is codified in section 775.021, Florida Statutes (2007), "prohibits courts from imposing multiple convictions for an act or acts which occur in one criminal episode if each offense does not contain at least one element distinct from the other offenses." Paul, 934 So.2d at 1172. The Blockburger test specifically provides, "[O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat. (2004).
Turning to the double jeopardy issue presented in the instant case, we initially note that there is no clear statement of legislative intent to have sexual battery and lewd or lascivious molestation punished separately when the two crimes occur in the course of a single criminal episode. The State has appropriately conceded that there is no dispute in this case as to whether the acts at issue occurred in the course of a single criminal episode. At trial, the State did not produce any evidence of a temporal break between the offenses. Instead, the State's evidence showed only that the two offenses occurred on the same night; notably, the child victim told his mother "it" had happened "just the one time." Having found no clear statement of legislative intent to punish sexual battery and lewd or lascivious molestation separately, nor any basis for believing Appellant had the opportunity to form a new criminal intent between the commission of the crimes at issue, we conclude that the Blockburger test applies. Accordingly, the only issue left for our determination is whether each crime contains an element that the other does not, by reference to the statutory definitions only. See Paul, 934 So.2d at 1173.
The two crimes at issue are sexual battery, as defined in section 794.011(1)(h), and lewd or lascivious molestation, as defined in section 800.04(5)(a). In Johnson v. State, 913 So.2d 1291, 1291 (Fla. 2d DCA 2005), the Second District held that convictions for both sexual battery and lewd or lascivious molestation violated double jeopardy principles because the offenses "were both perpetrated on the same victim, at the same time and place, during the same criminal episode." The facts of Johnson reveal only one act committed by the defendant. See id. However, for the purpose of double jeopardy analysis, it is immaterial whether two convictions arise from a single act or two discrete acts that occur in the same criminal episode. See Paul, 934 So.2d at 1172 (summarizing the Blockburger test as prohibiting multiple convictions for "an act or acts which occur in one criminal episode"). In either case, *847 convictions for two separate crimes can be upheld only if each crime contains an element that the other does not. See id. We agree with the Johnson holding and conclude that it supports reversal in this case.
Moreover, our own comparison of sections 794.011(1)(h) and 800.04(5)(a), which is controlled by the supreme court's analysis in Paul, 934 So.2d at 1173-74, leads us to the same conclusion. Section 794.011(1)(h) defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Section 800.04(5)(a) defines lewd or lascivious molestation as "intentionally touch[ing] in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age...."[3] Sexual battery includes an element that lewd or lascivious molestation does not: penetration. However, the converse does not hold true. Rather, the elements of lewd or lascivious molestation are subsumed by the elements of the more serious crime of sexual battery. In other words, sexual battery cannot occur without a touching of one of the body parts listed in section 800.04(5). Because sexual battery requires such touching, one cannot commit sexual battery without simultaneously committing the crime described in section 800.04(5). Accord Capron v. State, 948 So.2d 954, 960 (Fla. 5th DCA 2007) (recognizing that the commission of "any kind of battery" requires "a touching"). Thus, when sexual battery and lewd or lascivious molestation occur in the same criminal episode, they constitute the same offense for double jeopardy purposes and may not be punished separately.
We recognize that our decision today is difficult to reconcile with this Court's prior opinion in Seccia v. State, 720 So.2d 580, 581-82 (Fla. 1st DCA 1998), where we upheld a defendant's convictions for sexual battery and a lewd act based on the fact that "the jury could reasonably have concluded... that two separate and distinct acts occurred." Subsequent events have overtaken that decision. Not only has the supreme court decided the Paul case, but the lewd or lascivious offenses on minors statute has also been substantially amended. Ch. 99-201, § 6, at 1187-89, Laws of Fla. In view of the Florida Supreme Court's opinion in Paul, we conclude that Florida law will not permit convictions for both sexual battery and lewd or lascivious molestation for acts that occur in the same criminal episode. To the extent that Seccia conflicts with this statement of the law, it has been superseded and we can no longer follow it. Thus, because we are bound by the supreme court's decision in Paul, we reverse Appellant's conviction and sentence for lewd or lascivious molestation and remand the case with directions that the trial court vacate the conviction and sentence for that charge. Appellant's conviction and sentence for sexual battery are affirmed.
*848 AFFIRMED in part; REVERSED in part; REMANDED with directions.
BENTON and ROBERTS, JJ., concur.
NOTES
[1] See Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998) (holding that when multiple convictions violate the double jeopardy prohibition, "[t]he proper remedy is to vacate the conviction for the lesser offense while affirming the conviction for the greater one").
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] Section 800.04(5)(a) defines specific alternative conduct as lewd or lascivious molestation. It reads, in its entirety, "A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under the 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation." § 800.04(5)(a). The portion of the statute recognizing forcing or enticing the victim to touch the perpetrator is not relevant to our analysis because, as the supreme court stated in Paul, "when courts are reviewing whether double jeopardy is violated based on an alternative conduct statute, the court must break the conduct elements into the specific alternative conduct which is in the other statute being compared and cannot consider the entire range of conduct proscribed by the statute." 934 So.2d at 1174 n. 4.