WOLF, J.
Appellant challenges his convictions for two counts of sexual battery of a person less than 12 years of age and two counts of lewd or lascivious molestation of a victim less than 12 years of age. We affirm but address one issue: whether appellant’s convictions violated the Double Jeopardy clause of the Florida and federal constitutions.
Appellant was charged by information with sexual battery of a person less than 12 years of age by “union with and/or penetration of the victim’s vagina by the penis of [appellant]” (count 1), and “oral penetration of the victim’s mouth by the penis of [appellant]” (count 2), pursuant to section 794.011(2)(a), Florida Statutes (2006). He was also charged with lewd or lascivious molestation of a victim less than 12 years of age (counts 3-4), pursuant to section 800.04(5)(b) (2006). The jury verdict form specified count 3 was for lewd or lascivious molestation by “touching of [the victim’s] genitals with [appellant’s] hand,” and count 4 was for lewd or lascivious molestation by “touching [the victim’s] breasts and/or buttocks with [appellant’s] hands and/or mouth.”
Here, the victim testified appellant committed acts constituting lewd or lascivious molestation twice: during the episode in which he committed sexual battery by vaginal penetration, and during the episode in which he committed sexual battery by oral penetration. Her testimony did not indicate a temporal break between the molestation and the sexual battery in either episode.
In Beahr v. State, 992 So.2d 844, 845 (Fla. 1st DCA 2008), this court considered a similar double jeopardy claim where a defendant was convicted of sexual battery of a child less than 12 years of age pursuant to section 794.011 (2)(a) and lewd or lascivious molestation of a victim less than 12 years of age pursuant to section 800.04(5)(b), for acts committed during the same criminal episode. This court found “there is no clear statement of legislative intent to have sexual battery and lewd or lascivious molestation punished separately when the two crimes occur in the course of a single criminal episode.” Id. at 846. This court then applied the Blockburger test and concluded, “when sexual battery and lewd or lascivious molestation occur in the same criminal episode, they constitute the same offense for double jeopardy purposes and may not be punished separately,” reasoning “sexual battery cannot occur without a touching of one of the body parts listed in section 800.04(5).” Id. at 847.
However, more recently in State v. Me-shell, 2 So.3d 132,135 (Fla.2009), the Florida supreme court clarified, “sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute, are distinct criminal acts that the Florida Legislature has decided warrant multiple punishments.”
In Meshell, the defendant was convicted of two counts of lewd and lascivious battery pursuant to section 800.04, one count by vaginal penetration and one count by oral penetration. Id. The Fifth District found dual convictions for the same offense violated double jeopardy because the record did not demonstrate a “temporal break” sufficient for the defendant to have formed a new criminal intent. Id. at 134. *374 However, the supreme court found, “[distinct acts of sexual battery do not require a ‘temporal break’ .... the sex acts proscribed in section 800.04(4) (oral, anal, or vaginal penetration) are of a separate character and type requiring different elements of proof and are, therefore, distinct criminal acts. Thus, punishments for these distinct criminal acts do not violate double jeopardy.” Id. at 134, 136. Applying the facts of the case, the court concluded, “[bjecause the oral sex described in Count 3 is a criminal act distinctively different from the vaginal penetration or union in Count 1, there is not a double jeopardy violation.” Id. at 136.
The supreme court’s reasoning in Me-shell is applicable here. Like the sexual battery statute, the lewd or lascivious molestation statute includes “sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute .... ” Meshell, 2 So.3d at 134. Section 800.04(5)(a) states a person commits lewd or lascivious molestation who “intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator....” Therefore, as the court reasoned in Meshell, these acts are “distinct criminal acts that the Florida Legislature has decided warrant multiple punishments.” Meshell, 2 So.3d at 135.
Considering the supreme court’s conclusion in Meshell that double jeopardy principles do not necessarily preclude multiple convictions for the same sexual offense committed by different actions during the same criminal episode, it necessarily follows that double jeopardy principles would not necessarily preclude convictions for two different sexual offenses committed by different actions during the same criminal episode. Therefore, Meshell has superseded this court’s decision in Beahr that double jeopardy principles preclude convictions for sexual battery and lewd or lascivious molestation which occurred in a single criminal episode.
Applying Meshell to the case at hand, appellant’s convictions for sexual battery and lewd or lascivious molestation do not violate double jeopardy principles because the acts were distinct criminal acts. This distinction is readily apparent here because the information and jury verdict form included particulars for each charge. Examining the specific acts as alleged here, oral and vaginal penetration by appellant’s penis require different elements of proof than touching the victim’s genitals with appellant’s hand and touching the victim’s breasts and/or buttocks with appellant’s hand and/or mouth. Therefore, we affirm.
AFFIRMED.
BENTON and PADOVANO, JJ., concur.