PER CURIAM.
 

 Gil Cancel Comas, Appellant, appeals his judgment and sentence for lewd or lascivious molestation, among other offenses. He raises ten issues on appeal, all of which are without merit. Accordingly, we affirm his judgment and sentence but write to address the State’s cross-appeal. On cross-appeal, the State argues that the trial court erred in dismissing Appellant’s conviction for lewd or lascivious conduct on double jeopardy grounds. We agree and reverse.
 

 After a jury trial, Appellant was convicted of lewd or lascivious conduct and lewd or lascivious molestation, among other charges, based on distinct criminal acts that occurred within the same criminal episode. At the sentencing hearing, the trial court dismissed the lewd or lascivious conduct count because both convictions were “based on ... basically the same incident” in violation of double jeopardy principles.
 

 In
 
 State v. Meshell,
 
 2 So.3d 132, 135 (Fla.2009), the Florida Supreme Court held that “sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute, are distinct criminal acts that the Florida Legislature has decided warrant multiple punishments.” The
 
 Meshell
 
 court further held that “[distinct acts of sexual battery do not require a ‘temporal break’ between them to constitute separate crimes” and, as a result, do not violate double jeopardy.
 
 Id.
 
 at 134-36.
 

 In
 
 Roberts v. State,
 
 39 So.3d 372 (Fla. 1st DCA June 21, 2010), this Court applied
 
 Meshell
 
 to the lewd or lascivious molestation statute, holding as follows:
 

 Considering the supreme court’s conclusion in
 
 Meshell
 
 that double jeopardy principles do not necessarily preclude multiple convictions for the
 
 same
 
 sexual offense committed by different actions during the same criminal episode, it necessarily follows that double jeopardy principles would not necessarily preclude convictions for two
 
 different
 
 sexual offenses committed by different actions during the same criminal episode.
 

 Id.
 
 at 374. Based on this rationale, this Court concluded that the defendant’s convictions for sexual battery and lewd or lascivious molestation did not violate double jeopardy principles because the convictions were based on distinct criminal acts.
 
 Id.
 

 As in
 
 Meshell
 
 and
 
 Roberts,
 
 Appellant’s convictions were based on distinct criminal
 
 *51
 
 acts that occurred in the same criminal episode. Therefore, the trial court erred in dismissing Appellant’s conviction for lewd or lascivious conduct on double jeopardy grounds.
 
 See Meshell,
 
 2 So.3d at 134-36;
 
 Roberts,
 
 at 374. Accordingly, we reverse the trial court’s dismissal and remand with directions for the trial court to reinstate Appellant’s lewd or lascivious conduct conviction and for sentencing on this conviction. We otherwise affirm Appellant’s judgment and sentence on the remaining offenses.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 WEBSTER, LEWIS, and ROBERTS, JJ., concur.