PALMER, J.
Edwin Murphy (defendant) appeals his judgment and sentence on the charge of attempted sexual battery. Determining that the trial court committed fundamental error by sentencing the defendant without appointing him counsel for his sentencing hearing, we reverse and remand for resen-tencing.
A jury convicted the defendant of committing the crimes of attempted sexual battery and lewd or lascivious molestation. The defendant was sentenced to 30 years’ incarceration for lewd or lascivious molestation, including a 25-year mandatory minimum sentence. The court did not enter an order adjudicating the defendant guilty or sentence the defendant on his attempted sexual battery conviction because of the potential for a double jeopardy violation.
On direct appeal, this court reversed and remanded the defendant’s case, ruling:
In this [Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ] appeal, Edwin Murphy’s pro se brief raises one meritorious issue. Following a trial, Murphy was convicted of attempted sexual battery and lewd or lascivious molestation. At his sentencing hearing, Murphy sought dismissal of one of the two convictions on double *297 jeopardy grounds. The trial judge, while conceding that a double jeopardy issue might exist, declined to rule on Murphy’s motion. Instead, the court adjudicated Murphy guilty of lewd or lascivious molestation and sentenced him to prison, while taking no action on the attempted sexual battery charge. The State concedes this was error.
A trial court must adjudicate and sentence a defendant convicted of a crime, or in an appropriate case, adjudicate the defendant not guilty due to a lack of sufficient evidence to convict, double jeopardy, or any other legally sufficient reason. The trial court may not simply refuse to act. Accordingly, we remand this matter to the trial court for the purpose of rendering an order with regard to the attempted sexual battery charge. If it is appropriate to adjudicate Murphy not guilty of that charge, it may do so. If not, it must adjudicate and sentence him for that crime.
Murphy v. State, 16 So.3d 269 (Fla. 5th DCA 2009) (citations and footnote omitted). Judge Griffin concurred specially with the following opinion:
The trial court appeared to be uncertain about the double jeopardy issue in this case, which was understandable given the uncertain state of the law. Since this case was decided, however, the Florida Supreme Court issued its decision in State v. Meshell, 2 So.3d 132 (Fla.2009), which may inform the trial court’s decision on remand.
In this case, count one charged capital sexual battery, alleging that defendant’s penis had union with the victim’s vagina. Defendant was found guilty of attempted sexual battery, which means that defendant did some act in furtherance of the charged offense but failed to complete it. See § 777.04(1), Fla. Stat. (2008). Count three, which charged lewd or lascivious molestation of the same victim, alleged that defendant intentionally touched her genitals or the clothing covering her genitals. Unlike count one, count three did not allege that defendant used his penis, but alleged a lewd touching.
Murphy, 16 So.3d at 269-70.
On remand, the trial court conducted a sentencing hearing on the defendant’s sexual battery conviction. The defendant was not appointed counsel for the hearing. The trial court adjudicated the defendant guilty and sentenced him to 15 years’ incarceration to run concurrent with his 30-year sentence for lewd and lascivious molestation.
The defendant argues that the trial court committed reversible error by not appointing him counsel for his sentencing hearing, citing to case law holding that where the sentencing error is due to judicial error the defendant is entitled to representation. See Nickerson v, State, 927 So.2d 114, 117 (Fla. 4th DCA 2006). The State concedes that a defendant is generally entitled to counsel at sentencing or re-sentencing. See Cross v. State, 18 So.3d 1235, 1236 (Fla. 1st DCA 2009) (stating that a defendant has the right to be represented by an attorney at resentencing). However, the State argues that the defendant was not entitled to the appointment of counsel because the trial court’s actions were ministerial. See generally Frost v. State, 769 So.2d 443, 444 (Fla. 1st DCA 2000) (holding that a trial court’s changing of the written sentence to conform with the oral pronouncement of sentence is ministerial); Navarrete v. State, 707 So.2d 803, 804 (Fla. 1st DCA 1998) (holding that a court’s correction of a scrivener’s error is a ministerial function); Williams v. State, 697 So.2d 584 (Fla. 4th DCA 1997) (holding that entering a written sentence where none exists is ministerial).
*298 Here, the proceedings before the trial court were not ministerial. The court adjudicated the defendant guilty and sentenced him on the attempted sexual battery charge, and the court also rejected the defendant’s contention that his double jeopardy rights were violated by his convictions for both attempted sexual battery and lewd or lascivious molestation. As such, the defendant was entitled to the appointment of counsel.
The defendant also argues that his convictions for both attempted sexual battery and lewd and lascivious molestation violate his right against double jeopardy because both convictions arose from a single, continuous episode without a spatial or temporal break between each act to enable the defendant to form a new criminal intent for each separate act. We disagree.
The differences in the character and type of crime proven are as important as the spatial and temporal aspects when considering whether multiple punishments are appropriate. An analysis of those differences, as noted by Judge Griffin in her concurring opinion in the defendant’s initial appeal, leads to the conclusion that the defendant’s convictions for attempted sexual battery and lewd and lascivious molestation did not violate his double jeopardy rights. See also State v. Meshell, 2 So.3d 132, 135 (Fla.2009)(holding that acts of oral, anal, and vaginal penetration, as prescribed by statute defining lewd and lascivious battery, are distinct criminal acts, such that separate punishments for those acts do not violate double jeopardy, despite the fact that they occurred in the same criminal episode).
Accordingly, the defendant’s sentence for attempted sexual battery is reversed and this matter is remanded for a resen-tencing hearing at which the defendant shall be appointed counsel.
REVERSED and REMANDED.
GRIFFIN and SAWAYA, JJ„ concur.