LaROSE, Judge.
Eric Drawdy appeals his convictions and sentences for sexual battery of a child and for lewd or lascivious molestation. See §§ 794.011(l)(h), (8)(b); 800.04(5)(a), Fla. Stat. (2006). Double jeopardy bars conviction for both offenses committed in a single criminal episode. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Accordingly, the law compels us to reverse in part.
The following statutory provisions apply:
§ 794.011 Sexual battery.—
(l)(h) “Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object
[[Image here]]
[[Image here]]
(8) Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:
[[Image here]]
(b) Engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (l)(h) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[[Image here]]
§ 800.04(5) Lewd or lascivious molestation.—
(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.

Relevant Background

Mr. Drawdy raped his young teenage stepdaughter. While doing so, he touched her breasts. A jury convicted Mr. Drawdy of sexual battery. The jury also convicted him of lewd or lascivious molestation for touching the breasts. The trial court sentenced him to thirty years in prison for the sexual battery, followed by five years of probation for the molestation. Mr. Draw-dy argues that his convictions violate double jeopardy and constitute fundamental *167 error. See Avila v. State, 86 So.3d 511, 513 n. 2 (Fla. 2d DCA 2012) (“[A] violation of double jeopardy constitutes fundamental error that may be raised for the first time on appeal.” (citing Gisi v. State, 848 So.2d 1278, 1281 (Fla. 2d DCA 2003); Johnson v. State, 747 So.2d 1027, 1028 (Fla. 2d DCA 1999))).
The Fifth Amendment to the United States Constitution and article I, section 9, of the Florida Constitution “prohibit[] subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense.” Valdes v. State, 3 So.3d 1067, 1069 (Fla.2009). The double jeopardy guarantee restrains courts and prosecutors. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The legislature remains free to define crimes and fix punishments; “but once the legislature has acted courts may not impose more than one punishment for the same offense....” Id. at 165, 97 S.Ct. 2221. Of course, double jeopardy does not prohibit multiple punishments for different offenses arising from the same criminal episode “as long as the Legislature intends to authorize separate punishments.” Valdes, 3 So.3d at 1069. “[T]he role of the constitutional guarantee against double jeopardy is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments arising from a single criminal act.” Hayes v. State, 803 So.2d 695, 699 (Fla. 2001) (quoting Brown, 432 U.S. at 165, 97 S.Ct. 2221); Claps v. State, 971 So.2d 131, 133 (Fla. 2d DCA 2007).
Double jeopardy poses no concern where separate convictions arise from separate criminal episodes. See Partch v. State, 43 So.3d 758, 760 (Fla. 1st DCA 2010) (“Multiple punishments and convictions may rest on offenses occurring within differing criminal episodes.”). Typically, criminal acts occur in separate criminal episodes where there are multiple victims, multiple locations, a temporal break between acts, or where the perpetrator forms a new criminal intent between acts. Hayes, 803 So.2d at 700-01 (citing Hearn v. State, 55 So.2d 559, 560-61 (Fla.1951)); Murray v. State, 890 So.2d 451, 453 (Fla. 2d DCA 2004) (citing Staley v. State, 829 So.2d 400, 401 (Fla. 2d DCA 2002)). Here, we have a single victim, a single location, and no temporal break between the sexual battery and the lewd or lascivious molestation. Recall that the acts occurred simultaneously. Under these circumstances, we face a single criminal episode.

Blockburger Different Elements Test

Where multiple convictions arise from a single episode, a court must determine whether the offenses constitute single or distinct acts. Blockburger aids in that determination. “[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.” Blockburger, 284 U.S. at 304, 52 S.Ct. 180. “[T]he Florida sexual battery statutes are particularly susceptible to the distinct acts exception because the statutes ‘may be violated in multiple, alternative ways....”’ Partch, 43 So.3d at 761 (quoting Saavedra v. State, 576 So.2d 953, 956-57 (Fla. 1st DCA 1991)).

Multiple Sexual Penetration or Union Crimes

Separate convictions for more than one type of sexual battery described in section 794.011 in a single episode do not violate double jeopardy; each battery is of a separate character and type that requires a different element of proof. Saavedra, 576 So.2d at 957 (“Sexual bat *168 tery of a separate character and type requiring different elements of proof warrant multiple punishments.”); accord Schwenn v. State, 898 So.2d 1130, 1132 (Fla. 4th DCA 2005). See, e.g., Duke v. State, 444 So.2d 492, 493-94 (Fla. 2d DCA), ajfd, 456 So.2d 893 (Fla.1984) (vaginal penetration followed by anal penetration a moment later); Grunzel v. State, 484 So.2d 97 (Fla. 1st DCA 1986) (cunnilingus followed by vaginal intercourse seconds later); Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980) (oral sex followed by rape). In each of these cases, the distinct acts were committed sequentially. See Schwenn, 898 So.2d at 1132 (distinguishing Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001), where, because defendant fondled victim’s breast and vagina at practically the same time, he did not have time to reflect and form new criminal intent).
Although appellate courts affirmed separate convictions for more than one type of sexual battery in a single episode, they did not do the same for section 800.04(4) lewd or lascivious batteries, despite the fact that the prohibited acts of oral, anal, or vaginal penetration or union were the same as those in the sexual battery statute. See, e.g., Capron v. State, 948 So.2d 954, 959 (Fla. 5th DCA 2007) (two lewd or lascivious acts of kissing victim’s vagina and touching genital area with penis in one episode not sufficiently discrete to deem separate offenses). To this point, the evolving judicial interpretation of sections 794.011 and 800.04 precluded conviction for both sexual battery and lewd or lascivious molestation in the same episode. State v. Meshell, 2 So.3d 132, 133 (Fla.2009), changed the landscape, extending the exception for distinct acts of sexual battery to the different types of lewd or lascivious battery identified in section 800.04(4) because the elements were the same. Me-shell upheld dual convictions for lewd or lascivious battery — by penetration or union with the victim’s vagina and by penetration or union with the victim’s mouth in the same episode — “[bjecause the oral sex described in Count 3 is a criminal act distinctively different from the vaginal penetration or union in Count 1....” Id. at 136; see also, e.g., Schuster v. State, 17 So.3d 304 (Fla. 4th DCA 2009) (upholding four convictions for serial, distinct lewd and lascivious batteries in same episode); State v. Gonzalez, 24 So.3d 595 (Fla. 5th DCA 2009) (approving dual convictions for lewd and lascivious battery in single episode). Meshell, of course, involved section 800.04(4), and its holding did not extend to section 800.04(5), the statute under which the State charged Mr. Drawdy. See Me-shell, 2 So.3d at 134 (specifically limiting its double jeopardy review to section 800.04(4)); Brown v. State, 25 So.3d 78, 80 (Fla. 2d DCA 2009) (observing that Me-shell limited its holding to section 800.04(4)).

Sexual Penetration or Union Crimes with Lewd or Lascivious Molestation

Historically, sexual battery subsumed acts of lewd or lascivious molestation in the same episode. We have held that double jeopardy precluded convictions for both. See Johnson v. State, 913 So.2d 1291 (Fla. 2d DCA 2005) (sexual battery and lewd or lascivious molestation in one criminal episode are one offense of sexual battery). Similarly, we have held that double jeopardy precluded conviction for a lewd or lascivious molestation in the same episode as a lewd or lascivious battery. See, e.g., Johnson, 913 So.2d at 1291-92 (double jeopardy prohibited convictions for both sexual battery and lewd and lascivious molestation during same episode); Gisi v. State, 909 So.2d 531 (Fla. 2d DCA 2005) (convictions for lewd and lascivious acts in same episodes as sexual intercourse with a child violated double jeopardy). *169 Some courts reasoned that the defendant could not form a new criminal intent for acts involving simultaneous offenses. See, e.g., Leyva v. State, 925 So.2d 393 (Fla. 4th DCA 2006) (holding attempted sexual battery and lewd and lascivious conduct of touching hand and leg in same episode were one offense because there was not time to form new intent); Mijarez v. State, 889 So.2d 827, 828 (Fla. 4th DCA 2004) (reversing convictions for two counts of lewd or lascivious molestation in same episode as lewd or lascivious battery where it could not be said that defendant paused, reflected, and formed new criminal intent each time he fondled victim during sexual encounter). But see Darville v. State, 995 So.2d 1025,1027 (Fla. 4th DCA 2008) (“We have no difficulty in ascertaining that the lewd and lascivious molestation offense contains an element not found in the sexual battery conviction, and vice versa.” (citing Binns v. State, 979 So.2d 439, 442 (Fla. 4th DCA 2008) (“Based upon a Blockbur-ger analysis, the crimes of lewd and lascivious acts[1] and sexual battery each contain an element that the other does not;” therefore dual conviction would not violate double jeopardy))).
In Beahr v. State, 992 So.2d 844, 845 (Fla. 1st DCA 2008), the jury convicted the defendant of sexual battery by placing his penis in the victim’s mouth and for lewd or lascivious molestation by touching the child’s genitals in the same criminal episode. The First District conducted a double jeopardy analysis, beginning by examining whether the statutes showed a “ ‘clear statement of legislative intent’ to have the crimes punished separately in all cases.” Id. at 845 (quoting State v. Paul, 934 So.2d 1167, 1171 (Fla.2006), receded from on other grounds in Valdes, 3 So.3d at 1077). It found “no clear statement of legislative intent to punish sexual battery and lewd or lascivious molestation separately, nor any basis for believing Appellant had the opportunity to form a new criminal intent between the commission of the crimes....” Id. The next step was to apply the Blockburger test to determine “whether each crime contains an element that the other does not, by reference to the statutory definitions only.” Beahr, 992 So.2d at 846 (citing Paul, 934 So.2d at 1173).[2] The Beahr court examined the applicable elements of sexual battery and lewd and lascivious molestation, which read as follows:
§ 794.011 Sexual battery.—
(l)(h) “Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object
[[Image here]]
[[Image here]]
*170 § 800.04(5) Lewd or lascivious molestation.—
(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks; or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.
Applying the Blockburger test, the Beahr court determined that sexual battery included an element not included in lewd or lascivious molestation — penetration or union — but the converse was not true; rather, “the elements of lewd or lascivious molestation [were] subsumed by the elements of the more serious crime of sexual battery.” Beahr, 992 So.2d at 847. The court continued, “sexual battery cannot occur without a touching of one of the body parts listed in section 800.04(5). Because sexual battery requires such touching, one cannot commit sexual battery without simultaneously committing the crime described in section 800.04(5).” Id. at 847 (citing Capron, 948 So.2d at 960 (recognizing that committing “any kind of battery” requires “a touching”)). The court concluded that sexual battery and lewd or lascivious molestation were the same offense for double jeopardy purposes. Id.
Later, however, the First District concluded that Meshell had “superseded [its] decision in Beahr that double jeopardy principles preclude[d] convictions for sexual battery and lewd or lascivious molestation which occurred in a single criminal episode.” Roberts v. State, 39 So.3d 372, 374 (Fla. 1st DCA 2010). The court stated;
Considering the supreme court’s conclusion in Meshell that double jeopardy principles do not necessarily preclude multiple convictions for the same sexual offense committed by different actions during the same criminal episode, it necessarily follows that double jeopardy principles would not necessarily preclude convictions for two different sexual offenses committed by different actions during the same criminal episode.
Id. The First District expanded MeshelVs holding beyond section 800.04(4) lewd or lascivious battery. In doing so, it stretched the holding to cover multiple acts involving penetration or union in the same episode to combinations of penetration or union, and of touching without penetration or union in the same episode. Roberts, 39 So.3d at 374. In Roberts, the jury convicted the defendant of two sexual batteries, one oral and one vaginal, each in a separate episode. Id. at 373. It also convicted him of two counts of lewd or lascivious molestation, one by touching the victim’s genitals with his hand in one sexual battery episode, the other by touching the victim’s breasts and/or buttocks with his hands and/or mouth during the other sexual battery episode. Id. at 373. Apparently, there was no temporal break between the sexual battery and the molestation in either episode. Id.
The First District upheld all four convictions, reasoning that, like the distinct acts of penetration or union in Meshell, the sexual battery and the lewd or lascivious molestation in each episode were “of a separate character and type requiring different elements of proof.” Roberts, 39 So.3d at 374. Reading MeshelVs holding to be that double jeopardy no longer prohibited convictions for alternative types of lewd or lascivious battery because it already allowed multiple convictions for the same alternative types of sexual battery, the First District concluded that the legislature also intended to separately punish lewd or lascivious molestation and sexual *171 battery in the same episode because their elements were different.
The Fifth District reached a similar conclusion, holding that the differences in character and type of crime between attempted sexual battery — by union of the defendant’s penis with the victim’s vagina — and lewd or lascivious molestation— by touching her genitals or clothing covering them-in the same episode led to the conclusion that dual convictions did not violate double jeopardy. See Murphy v. State, 49 So.3d 295, 298 (Fla. 5th DCA 2010), rev. granted, 79 So.3d 745 (Fla.2012) (table decision) (citing Meshell, 2 So.3d at 135).[3] The Fifth District interpreted legislative intent to separately punish two crimes arising from a single act even more broadly in Roughton v. State, holding that double jeopardy did not preclude dual convictions for sexual battery and lewd or lascivious molestation for the defendant’s single act of placing his mouth on the victim’s penis. 92 So.3d 284, 285-87 (Fla. 5th DCA 2012) (certifying direct conflict with Robinson v. State, 919 So.2d 623 (Fla. 2d DCA 2006); Johnson v. State, 913 So.2d 1291 (Fla. 2d DCA 2005); Berlin v. State, 72 So.3d 284 (Fla. 1st DCA 2011); and Smith v. State, 41 So.3d 1041 (Fla. 1st DCA 2010)).
We disagree with Roberts, Murphy, and Roughton. We agree, instead, with the First District’s reasoning in Beahr that, while sexual battery includes an element not included in lewd or lascivious molestation, the converse is not true. Beahr, 992 So.2d at 847. Here, Mr. Drawdy committed sexual battery by rape. See § 794.011(l)(h). The lewd or lascivious molestation he simultaneously committed was “intentionally touching] in a lewd or lascivious manner the breasts.... ” See § 800.04(5). The statute does not specify that the touching must be done with hands. And our record does not disclose the manner of the touching. Vaginal penetration without touching the victim’s breasts or buttocks with some part of the perpetrator’s body would be acrobatic. See Beahr, 992 So.2d at 847 (“sexual battery cannot occur without a touching of one of the body parts listed in section 800.04(5)”). Therefore, we conclude that under Block-burger analysis, double jeopardy prohibits convictions for both sexual battery and lewd or lascivious molestation as separate offenses. We are confident that if the legislature intended to punish sexual battery and simultaneous lewd and lascivious touching separately, it will amend the statutes accordingly. See Aldacosta v. State, 41 So.3d 1096, 1097 (Fla. 2d DCA 2010).

Conclusion

We reverse and remand for the trial court to vacate Mr. Drawdy’s conviction *172 for lewd or lascivious molestation. As a practical matter, today’s decision is not likely to afford Mr. Drawdy much practical relief because his sentence for lewd or lascivious molestation is only five years’ probation following his thirty-year sentence for sexual battery.
We certify conflict with the First District’s decision in Roberts and the Fifth District’s decisions in Murphy and Rough-ton. Mr. Drawdy raised four other issues on appeal. We affirm on those issues without further discussion.
Reversed in part, affirmed in part, and remanded.
VILLANTI, J., Concurs.
ALTENBERND, J., Concurs with opinion.

.Before the legislature amended section 800.04 effective in October 1999, see ch. 99-201, § 6, at 1187-89, Laws of Fla., it read as follows:
800.04. Lewd, lascivious, or indecent assault or act upon or in presence of child.— A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
[[Image here]]
without committing the crime of sexual battery, commits a felony of the second degree. ...
§ 800.04, Fla. Stat. (1997).

.This principle is also reflected in section 775.021(4)(b), Florida Statutes (2006), which lists exceptions to the legislative intent to convict and sentence for each criminal offense committed in one criminal episode:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

. The apparent trend has not reached far enough to deem different variations of section 800.04(5) lewd or lascivious molestation to be separate offenses for double jeopardy purposes. See, e.g., Brown, 25 So.3d 78 (Fla. 2d DCA 2009) (holding victim’s hand touching penis and defendant’s mouth touching vagina in one episode were one offense); Morman v. State, 811 So.2d 714, 717 (Fla. 2d DCA 2002) (holding double jeopardy principles permitted only one lewd or lascivious act conviction per episode for virtually simultaneous touching of girl’s breasts and buttocks in first episode and her breasts and vagina in second episode); J.M. v. State, 4 So.3d 703 (Fla. 5th DCA 2009) (holding two acts of lewd or lascivious conduct in one episode were one offense). But see Comas v. State, 45 So.3d 49, 50-51 (Fla. 1st DCA 2010), review denied, 59 So.3d 107 (Fla. Mar. 18, 2011) (table decision) (citing Meshell and Roberts, holding double jeopardy does not preclude conviction of lewd or lascivious molestation and lewd or lascivious conduct (§ 800.004(6)(a)(l), intentional lewd or lascivious touching) in a single episode); compare with Bishop v. State, 46 So.3d 75 (Fla. 5th DCA 2010) (holding double jeopardy precludes conviction for both lewd or lascivious molestation by manually touching victim’s genital area and lewd or lascivious conduct by manually touching victim’s leg in same episode).