# Supreme Court of Florida

_____

No. SC12-2021
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**ERIC J. DRAWDY,**
Respondent.

[April 10, 2014]

QUINCE, J.

This case is before the Court for review of the decision of the Second

District Court of Appeal in Drawdy v. State, 98 So. 3d 165 (Fla. 2d DCA 2012).

The district court certified that its decision is in direct conflict with the decision of

the First District Court of Appeal in Roberts v. State, 39 So. 3d 372 (Fla. 1st DCA

2010), and the decisions of the Fifth District Court of Appeal in Murphy v. State,

49 So. 3d 295 (Fla. 5th DCA 2010, and Roughton v. State, 92 So. 3d 284 (Fla. 5th

DCA 2012). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the

reasons that follow, we quash the Second District's decision and approve the

decisions of the First and Fifth Districts in <u>Roberts</u> and <u>Murphy</u>.[1]

## I. BACKGROUND

Eric Drawdy "raped his young teenage stepdaughter." <u>Drawdy</u>, 98 So. 3d at 166. "While doing so, he touched her breasts." <u>Id.</u> He was charged with one count of sexual battery under section 794.011(8)(b), Florida Statutes (2006),[2] for allegedly penetrating the victim's vagina with his penis, and one count of lewd or lascivious molestation under section 800.04(5)(a), Florida Statutes (2006),[3] for the

---

1. The Fifth District's decision in <u>Roughton</u> is currently pending review before this Court, so we do not consider it here.

2. That section reads:

> (8) Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:
> . . . .
> (b) Engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (1)(h) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 794.011(8)(b), Fla. Stat. (2006). Section 794.011(1)(h) defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose."

3. Section 800.04(5)(a) provides:

> (a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or

- 2 -

alleged intentional touching, in a lewd or lascivious manner, of the victim's breasts, genitals, genital area, buttocks, or the clothing covering them. At trial, the victim testified as follows:

PROSECUTOR: His penis penetrated and go [sic] into your vagina?

VICTIM: Yes, sir.

. . . .

PROSECUTOR: While he was doing that, did he touch any other parts of your body?

VICTIM: Yes, sir.

PROSECUTOR: What other parts of your body did he touch?

VICTIM: My breasts.

PROSECUTOR: And did he touch them over your shirt or under your shirt, or something else?

VICTIM: Under my shirt.

PROSECUTOR: Did he take your shirt off or kept [sic] it on?

VICTIM: He kept it on.

PROSECUTOR: Did you reach up under your shirt?

VICTIM: Yes, sir.

PROSECUTOR: Do you recall if he took off any of his clothes?

entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.

VICTIM: He pulled down his shorts, but he didn't take them off.

A jury convicted Drawdy of both charges, and the trial court sentenced him "to thirty years in prison for the sexual battery, followed by five years of probation for the molestation." Drawdy, 98 So. 3d at 166. Drawdy appealed. Id.

On appeal, the Second District held that double jeopardy prohibits convictions for both sexual battery and lewd or lascivious molestation in a single criminal episode. Id. The district court agreed with the reasoning of the First District in Beahr v. State, 992 So. 2d 844, 847 (Fla. 1st DCA 2008), that "while sexual battery includes an element not included in lewd or lascivious molestation, the converse is not true." Drawdy, 98 So. 3d at 171. The Second District stated that section 800.04(5) does not specify whether the lewd touching must be done with the perpetrator's hands, but the record in this case does not disclose the manner of touching. Id. The court found that "[v]aginal penetration without touching the victim's breasts or buttocks with some part of the perpetrator's body would be acrobatic." Id. Thus, the Second District concluded that double jeopardy bars convictions for sexual battery and simultaneous lewd or lascivious molestation as separate offenses. Id. The court reversed and remanded for the trial court to vacate Drawdy's conviction for lewd or lascivious molestation. Id. at 171-72. However, the Second District also certified conflict with Roberts, the case

- 4 -

abrogating <u>Beahr</u>, and two cases from the Fifth District, <u>Murphy</u> and <u>Roughton</u>.[4]

<u>Drawdy</u>, 98 So. 3d at 172.

In <u>Roberts</u>, the defendant was convicted of two counts of sexual battery and two counts of lewd or lascivious molestation. 39 So. 3d at 373. The sexual battery convictions were based on two acts: union with or penetration of the victim's vagina by the defendant's penis and the defendant's penis penetrating the victim's mouth. <u>Id.</u> During each of these episodes, the defendant also committed one act of lewd or lascivious molestation: once by touching the victim's vagina with his hand and the other by touching the victim's breasts and/or buttocks with his hands and/or mouth. <u>Id.</u>[5] In determining whether double jeopardy principles had been violated, the First District stated:

> Considering the supreme court's conclusion in [<u>State v. Meshell</u>, 2 So. 3d 132 (Fla. 2009),] that double jeopardy principles do not necessarily preclude multiple convictions for the <u>same</u> sexual offense committed by different actions during the same criminal episode, it necessarily follows that double jeopardy principles would not necessarily preclude convictions for two <u>different</u> sexual offenses committed by different actions during the same criminal episode.

<u>Id.</u> at 374. The district court found that under <u>Meshell</u>, the two offenses of "oral and vaginal penetration by appellant's penis" were distinct criminal acts requiring

---

4. <u>See</u> <u>supra</u> note 1.

5. The opinion does not disclose which act of lewd touching occurred with which act of sexual battery.

- 5 -

different elements of proof from the offenses of "touching the victim's genitals with appellant's hand and touching the victim's breasts and/or buttocks with appellant's hand and/or mouth." Id. Thus, the court held that the defendant's convictions for both sexual battery and lewd or lascivious molestation did not violate the prohibition against double jeopardy. Id.

In Murphy, the Fifth District also rejected the argument that convictions for both offenses violated double jeopardy principles. 49 So. 3d at 298. In that case, the defendant was found guilty of attempted sexual battery for causing his penis to have union with the victim's vagina and of lewd or lascivious molestation for intentionally touching the victim's genitals or the clothing covering them. Id. at 297-98. The defendant argued that his convictions violated double jeopardy "because both convictions arose from a single, continuous episode without a spatial or temporal break between each act to enable the defendant to form a new criminal intent for each separate act." Id. at 298. The district court reasoned:

> The differences in the character and type of crime proven are as important as the spatial and temporal aspects when considering whether multiple punishments are appropriate. An analysis of those differences, as noted by Judge Griffin in her concurring opinion in the defendant's initial appeal, leads to the conclusion that the defendant's convictions for attempted sexual battery and lewd [or] lascivious molestation did not violate his double jeopardy rights.

Id. (citing Meshell, 2 So. 3d at 135). The court reversed and remanded, however, on other grounds. Id.

## II. ANALYSIS

The United States and Florida Constitutions both contain double jeopardy clauses designed to prevent a person from receiving multiple punishments for the same criminal offense. Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009) (citing U.S. Const. amend. V; Art. I, § 9, Fla. Const). A determination of whether double jeopardy is violated based on undisputed facts is a legal determination; thus, this Court's review is de novo. State v. Paul, 934 So. 2d 1167, 1171 (Fla. 2006), receded from on other grounds by Valdes, 3 So. 3d at 1077. Where multiple criminal offenses occur in the course of a single criminal episode or transaction, courts employ the Blockburger[6] test, codified at section 775.021(4)(a), Florida Statutes (2006), to determine whether receiving separate punishments for each offense violates double jeopardy. Gordon v. State, 780 So. 2d 17, 19-20 (Fla. 2001), receded from on other grounds by Valdes, 3 So. 3d at 1077. However, even if the offenses occur within the same criminal episode such that Blockburger applies, double jeopardy is not implicated where each offense is a "distinct criminal act[]." See Paul, 934 So. 2d at 1172 n.3 ("Of course, if two convictions occurred based on two distinct criminal acts, double jeopardy is not a concern.").

For example, in Hayes v. State, 803 So. 2d 695 (Fla. 2001), the defendant was convicted of both armed robbery and grand theft of a motor vehicle for

---

6. Blockburger v. United States, 284 U.S. 299 (1932).

stealing various items from inside the victim's residence, including the victim's car keys, and then using those keys to steal the victim's van that was parked outside. Id. at 697. We recognized that "the prohibition against double jeopardy does not prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts." Id. at 700. Thus, the issue was "whether a criminal transaction or episode gave rise to distinct and independent criminal acts resulting in separate crimes so as not to run afoul of the constitutional prohibition against double jeopardy." Id. at 701. In holding that the defendant's theft of the items inside the residence was a distinct and independent criminal act from the motor vehicle theft, we concluded that:

> [I]n reaching a determination of the double jeopardy issue in a case involving a single victim's property, courts should look to whether there was a separation of time, place, or circumstances between the initial armed robbery and the subsequent grand theft, as those factors are objective criteria utilized to determine whether there are distinct and independent criminal acts or whether there is one continuous criminal act with a single criminal intent. In making this determination of whether there is a separation of time, place, or circumstances giving rise to distinct and independent acts, the courts should consider the location of the items taken, the lapse of time between takings, the number of owners of the items taken, and whether intervening events occurred between the takings.

Id. at 704.

In Meshell, we upheld the defendant's convictions of two counts of lewd or lascivious battery under section 800.04(4) as distinct criminal acts not violating double jeopardy. 2 So. 3d at 136. The defendant had been convicted of four

counts of lewd or lascivious battery, but had only appealed as to two counts: that the defendant "did with his penis penetrate or have union with the vagina of [the victim]" (Count 1), and that the defendant "did with his penis have union with the mouth of [the victim]" (Count 3). Id. at 134 (alteration in original). Both offenses occurred at approximately the same time on the same date. Id. The defendant "argued that double jeopardy prohibited his conviction and sentences for these two acts because the record did not reflect a 'temporal break' sufficient for him to form a new criminal intent." Id.

On appeal, we found that "sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute, are distinct criminal acts that the Florida Legislature has decided warrant multiple punishments." Id. at 135. Additionally, because "the same sexual acts proscribed in the sexual battery statute are also proscribed in the lewd [or] lascivious battery statute, under which [the defendant] was charged," we concluded that "the sex acts proscribed in section 800.04(4) (oral, anal, or vaginal penetration) are of a separate character and type requiring different elements of proof and are, therefore, distinct criminal acts." Id. at 136.[7] We found no double

_____

7. In that case, we limited our review to section 800.04(4), which was the only section at issue before the Fifth District in the case below. Id. at 134.

- 9 -

jeopardy violation "[b]ecause the oral sex described in Count 3 is a criminal act distinctively different from the vaginal penetration or union in Count 1." Id.

The Second District correctly determined that the instant case involves a single criminal episode because the acts essentially occurred simultaneously and also involved only a single victim, a single location, and no temporal break. Drawdy, 98 So. 3d at 167.[8] Thus, the question is whether the convictions were predicated on distinct criminal acts, such that "double jeopardy is not a concern." Paul, 934 So. 2d at 1172 n.3; Meshell, 2 So. 3d at 135; Hayes, 803 So. 2d at 700. Drawdy was convicted of sexual battery for penetrating the victim's vagina with his penis. He was convicted of lewd or lascivious molestation for intentionally touching the victim's breasts in a lewd or lascivious manner during the vaginal penetration. These offenses are distinct criminal acts of a separate character and type.

Although the record does not disclose the exact manner of touching, the touching obviously occurred with some part of Drawdy's body other than his penis, and it occurred under the victim's shirt, which precludes the possibility that his chest rubbed against her breasts during intercourse. Thus, touching the victim's breasts was not incidental to the vaginal penetration—as grabbing the victim's buttocks to facilitate the sex act, for example, might be. Additionally,

---

8. Neither party raises an issue with this finding by the Second District.

proving that Drawdy touched the victim's breasts during vaginal penetration will require different elements of proof than proving he had vaginal intercourse with the victim. The lewd touching here was not an integral or necessary part of the sex act, but a separate and distinct act by itself. As such, Drawdy's convictions involve offenses "of a separate character and type," which are "distinct criminal acts" that "do not violate double jeopardy." Meshell, 2 So. 3d at 136.

### III. CONCLUSION

Based on the foregoing, we quash the decision of the Second District in Drawdy v. State, 98 So. 3d 165 (Fla. 2d DCA 2012), and remand to the district court for an order affirming Drawdy's convictions. We also approve the First District's decision in Roberts v. State, 39 So. 3d 372 (Fla. 1st DCA 2010), and the Fifth District's decision in Murphy v. State, 49 So. 3d 295 (Fla. 5th DCA 2010).

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

Second District – Case No. 10-3347

(Polk County)

- 11 -

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Robert Jay Krauss, Chief-Assistant Attorney General and Dawn A. Tiffin, Assistant Attorney General, Tampa, Florida,

for Petitioner

Howard L. Dimmig, II, Public Defender, and Stephen Michael Grogoza, Special Assistant Public Defender, Bartow, Florida,

for Respondent