# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1657

_____

ROBERT O. SIMMONS,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.

October 17, 2019

RAY, C.J.

Robert Simmons challenges the denial of his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We affirm.

In 1996, Simmons was convicted of two counts of sexual battery by threat of force or violence likely to cause serious personal injury, one count of kidnapping, and one count of burglary of a structure with a person assaulted. His sentences included life in prison. This court upheld his convictions and sentences on direct appeal and mandate issued over two decades ago. *Simmons v. State*, 754 So. 2d 31 (Fla. 1st DCA 1998).

In ground one of his postconviction motion, Simmons alleged that his life sentence for burglary with a person assaulted is illegal

as it constitutes an improper "double enhancement." He argued that he could not be convicted of both burglary with a battery and sexual battery because the sexual battery was the same conduct used to enhance the burglary charge. Although Simmons tries to frame his claim as an attack on his sentences, he is really challenging his convictions because "correcting the alleged double jeopardy violation would require vacating an underlying conviction." *Coughlin v. State*, 932 So. 2d 1224, 1226 (Fla. 2d DCA 2006); *see also Ferenc v. State*, 563 So. 2d 707, 707 (Fla. 1st DCA 1990) (holding that a "double jeopardy argument constitutes a challenge of a conviction, rather than a sentence"). Because rule 3.800(a) is limited to correction of illegal sentences, Simmons's double jeopardy claim is procedurally barred.

Additionally, his double jeopardy claim fails on the merits. *See State v. Foreman*, 476 So. 2d 662, 663 (Fla. 1985); *Wicker v. State*, 462 So. 2d 461, 463 (Fla. 1985).

In ground two, Simmons alleged that he could not be sentenced for two counts of sexual battery because both counts arose from a single transaction or episode. He appears to argue that the imposition of a sentence for both counts violates the prohibition against double jeopardy. As in ground one, this claim was properly denied as he is inherently challenging his convictions, not the sentences imposed.

Ground two also fails on the merits. The information alleged that Simmons committed one sexual battery by touching the victim's vagina with his sexual organ, and the other by penetrating the victim's vagina with his finger. Those acts are separately punishable as a matter of law, even if they occurred during the same criminal episode. *See Roberts v. State*, 39 So. 3d 372 (Fla. 1st DCA 2010), *approved by State v. Drawdy*, 136 So. 3d 1209 (Fla. 2014); *State v. Meshell*, 2 So. 3d 132, 135 (Fla. 2009) (explaining that "sexual acts of a separate character and type requiring different elements of proof, such as those proscribed in the sexual battery statute, are distinct criminal acts that the Florida Legislature has decided warrant multiple punishments").

In ground three, Simmons alleges that his sexual predator designation is illegal because the trial court failed to make the proper written findings. But rule 3.800(a) may only be used to

challenge a sexual predator designation where it is apparent from the face of the record that the defendant did not meet the criteria for such a designation. *Saintelien v. State*, 990 So. 2d 494, 497 (Fla. 2008); *see also* Fla. R. Crim. P. 3.800(a)(3). Here, the record shows that Simmons qualified as a sexual predator under section 775.21(4)(a)1.a., Florida Statutes, as he was convicted of a first-degree felony violation of section 794.011(4)(b), Florida Statutes, for an offense occurring after October 1, 1993. Thus, the postconviction court properly denied this claim.

AFFIRMED.

WOLF and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Robert O. Simmons, pro se, Appellant.

Ashley Moody, Attorney General, and Sharon Traxler, Assistant Attorney General, Tallahassee, for Appellee.